UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | } | |
| V. | } | NO. 1-24-CR-00100(19) RP |
| DEREK BYRD | } | |

### *Sentencing Memorandum Submission on Behalf of Derek Byrd*

The Defendant, Derek Byrd, by and through his attorney Kleon C. Andreadis, submits this Sentencing Memorandum for the Court's consideration in advance of the sentencing hearing scheduled for May 30, 2025.

In light of the serious and urgent medical condition confronting the defendant, the Court is asked to consider a downward departure from the guideline range and/or a delay in the imposition or execution of sentence, pursuant to 18 U.S.C. § 3553(a) and relevant case law.

### *Introduction*

Mr. Byrd comes before this Court not only facing the consequences of his actions but also confronting a serious, potentially life-threatening medical condition(s). He has been diagnosed with a traumatic brain injury and other collateral injuries and consequences. The Court is referred to the recent letter of Dr. Deshdeepak Sahni, MD, dated May 19, 2025, which is

provided here and also through the United States Probation Department, indicating the need for urgent surgical intervention as recommended by his treating neurosurgeon and supported by medical documentation provided to the Court.

Further, this Court has received, through the U.S. Department of Probation, the submissions of Ms. Megan Rohr who is the attorney affiliated with the Sec. 1983 federal civil rights lawsuit, that has been filed on Mr. Byrd's behalf. Her submissions provide additional medical information.

Since his detention, Mr. Byrd has not received the necessary medical treatment. While the detention facility may have attempted to address some aspects of his condition, it is not equipped to provide the specialized neurosurgical care he urgently requires. Without timely surgery and other medical interventions, Mr. Byrd faces a substantial risk of severe neurological damage and other impairments.

### *Procedural Background*

Mr. Byrd pleaded guilty on January 23, 2025 , pursuant to a plea agreement with the government. He has accepted responsibility for his actions, expressed remorse, and has not contested any aspect of the presentence report. He has been detained in federal custody since July 18, 2024.

### *Medical Condition and Urgent Need for Surgery*

Mr. Byrd's diagnosis and treatment is documented in medical evaluations from Dr. Deshdeepak Sahni, MD, dated May 19, 2025. A copy of the most recent medical report is attached hereto as a part of the memorandum ( Exhibit A).

The Court is referred to the neurosurgeon's recommended surgical intervention as soon as possible to treat Mr. Byrd. Delay in treatment poses significant risks, including irreversible neurological damage and other serious complications.

Unfortunately, the Bureau of Prisons lacks the capacity to provide the necessary medical care. While arrangements for outside treatment may theoretically be possible through the Bureau of Prisons (BOP), such care can be significantly delayed and logistically complex once a sentence is imposed and the defendant is transferred to BOP custody.

---

### *Sentencing Considerations Pursuant to 18 U.S.C. § 3553(a)*

The Court is empowered and encouraged to consider the "history and characteristics of the defendant," as well as "the need for the sentence imposed ... to provide the defendant with needed ... medical care ... in the most effective manner." 18 U.S.C. § 3553(a)(1) and (a)(2)(D). In light of Mr. Byrd's serious medical needs, the defense respectfully requests:

1. **A downward variance** to a non-custodial or time-served sentence so that Mr. Byrd may undergo the necessary surgery and recovery under the care of his treating physicians;

2. **In the alternative**, that sentencing be **continued** for [90] days to allow Mr. Byrd to undergo surgery and recover sufficiently to be safely designated and treated if sentenced to custody;

3. **In the alternative**, that the Court recommend to the Bureau of Prisons that Mr. Byrd receive immediate medical attention and designate him to a medical facility within the BOP such as FMC Ft. Worth, or FMC Butner. Clearly the BOP will make the appropriate designation.

### *Conclusion*

Mr. Byrd does not seek to avoid the consequences of his conduct, but rather asks the Court to exercise its discretion to impose a sentence that considers his immediate and severe medical needs. A sentence that allows for urgent treatment and recognizes the profound risks associated with delayed care serves both justice and humanity.

WHEREFORE, Defendant respectfully requests that the Court consider his urgent medical needs in fashioning a sentence that is sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

Respectfully submitted,
*/s/ Kleon C. Andreadis*
Attorney for Defendant
3601 S. Congress Ave. Sute B-200
Austin, Texas 787804
Tel. No.: 347-526-8116
State Bar No.: 24100591
kleonandreadis@gmail.com

# **Exhibit A**